UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARDELLA MAYHO | * | DOCKET NO. 2:23-cv-04201 |
|     Plaintiff, | * | |
| | * | |
| VERSUS | * | JUDGE: JAY C. ZAINEY |
| | * | |
| PROGRESSIVE PROPERTY | * | MAGISTRATE JUDGE: |
| INSURANCE COMPANY | * | DONNA PHILLIPS CURRAULT |
|     Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S RULE 12 MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, come Defendant Progressive Property Insurance Company ("Progressive"), which file this Memorandum in Support of its Rule 12(b)(1) Motion to Dismiss.

### BACKGROUND

Plaintiff filed suit against Progressive in this Court on August 25, 2023, related to alleged damages to a property located at 316 Travis Drive, Westwego, LA 70094 (the "Property"), which were allegedly sustained on or about August 28, 2021 due to Hurricane Ida.[1] The Complaint alleges that Defendant issued Plaintiff a policy of homeowners insurance bearing policy number LAL157759 and providing certain coverage for the Property.[2] Plaintiff's claims against Defendant are based on allegations that Defendant breached that contract of insurance.[3] Plaintiff invoked this

---

[1] R. Doc. 1, Complaint, ¶¶ 8, 12-16.
[2] R. Doc. 1, Complaint, ¶¶ 10-12.
[3] *See generally* R. Doc. 1, Complaint.

Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), despite also alleging that Plaintiff is a citizen of Louisiana and Defendant is also incorporated under the laws of Louisiana.[4]

Progressive Property Insurance Company is an admitted insurer incorporated in Louisiana with its principal place of business located at 1425 Airline Drive, Suite 200, in Metairie, Louisiana.[5] Therefore, there is no federal subject-matter jurisdiction.

## LAW & ARGUMENT

### I. Plaintiff's Claims Against Defendant Should Be Dismissed for Lack of Subject-Matter Jurisdiction Because the Parties Are Not Diverse.

Because Plaintiff is a citizen of Louisiana and Progressive is a citizen of Louisiana, complete diversity of citizenship between the parties does not exist and Plaintiff's claims against Defendant should therefore be dismissed for lack of federal subject-matter jurisdiction. Rule 12(b)(1) requires dismissal of an action if the Court lacks jurisdiction over the subject matter of the plaintiff's claim.

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."[6] Because Progressive Property Insurance Company—the insurance entity that issued the Policy that Plaintiff has sued upon—is incorporated in and has its principal place of business in Louisiana,[7] it is a citizen of Louisiana. Notably, Plaintiff correctly alleged in the Complaint that Defendant is incorporated under the laws of Louisiana, with its principal place of business in Metairie, Louisiana.[8] Yet, Plaintiff follows those allegations by

---

[4] R. Doc. 1, Complaint, ¶¶ 1–3.
[5] *See* La. Dept. of Ins. Website, https://www.ldi.la.gov/onlineservices/ActiveCompanySearch/Results.aspx, of which this Court may take judicial notice.
[6] 28 U.S.C. § 1332(c)(1).
[7] *See* La. Dept. of Ins. Website, https://www.ldi.la.gov/onlineservices/ActiveCompanySearch/Results.aspx, of which this Court may take judicial notice.
[8] R. Doc. 1, Complaint, ¶2.

incorrectly alleging there is complete diversity of citizenship between Plaintiff and Defendant per 28 U.S.C. § 1332(c)(1).[9] Moreover, Plaintiff is domiciled in Louisiana[10] and is therefore also a citizen of Louisiana.

Despite Plaintiff's conflicting allegations, there is not complete diversity of citizenship between the parties to this lawsuit, and this Court does not have subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. Both Plaintiff and Defendant are citizens of Louisiana. Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack power to adjudicate claims.[11] Thus, a federal court must dismiss an action whenever it appears that subject-matter jurisdiction is lacking.[12] "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[13] A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attachment to the motion to dismiss that are central to the claim and referenced by the complaint."[14] Here, Plaintiff alleges in the Complaint that both Plaintiff and Progressive are citizens of Louisiana. Accordingly, Plaintiff's suit against Defendant should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

## CONCLUSION

WHEREFORE, because this court lacks subject-matter jurisdiction over this case because the parties are not diverse, Defendant respectfully request that this Court grant its Rule 12 Motion to Dismiss and thereby dismiss Plaintiff's claims with prejudice and at Plaintiff's sole cost.

---

[9] R. Doc. 1, Complaint, ¶ 3.
[10] R. Doc. 1, Complaint, ¶ 1.
[11] *See Stockman v. Federal Election Comm'n,* 138F.3d 144,151 (5th Cir. 1998); *In re FEMA Trailer Formaldehyde Prod Liab. Litig.,* 668 F. 3d 281, 286 (5th Cir. 2012).
[12] *Id.*
[13] *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).
[14] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir 2010).

Respectfully submitted,

*/s/ LaDonna G. Schexnyder*
LaDonna G. Schexnyder (T.A.), La. Bar No. 28814
Sarah C. Laurie, La. Bar No. 35719
Megan M. Clark, La. Bar No. 36828
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, 27th Floor
New Orleans, LA 70130
T: (504) 568-1990
F: (504) 310-9195
lschexnyder@lawla.com
slaurie@lawla.com
mclark@lawla.com
***Attorneys for Defendant,***
***Progressive Property Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on this March 8, 2024, the foregoing pleading was electronically filed with the Clerk of Court through the CM/ECF system and all registered counsel were served via electronic mail, facsimile, and/or U.S. mail.

*/s/ LaDonna G. Schexnyder*
LaDonna G. Schexnyder